UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                CRIMINAL CASE NO. 07-20070

v.

JA'PAUL A. JOHNSON,         HONORABLE PAUL V. GADOLA
                     U.S. DISTRICT COURT
          Defendant.
_____/

## ORDER

    Before the Court are Defendant Ja'Paul Johnson's motion to sever and motion to compel discovery, both filed on May 25, 2007. The Government has filed responses to both motions.

    Defendant Johnson has been named in an indictment with co-Defendant Nakailyus Brown for various charges related to controlled substances. On February 12, 2007, co-Defendant Brown was arrested following an alleged controlled substance buy from an informant. The informant identified Brown's address as 3009 Plainfield Street, Flint, Michigan. Subsequently, law enforcement conducted a search of the 3009 Plainfield Street residence pursuant to a search warrant.

    During the surveillance of the 3009 Plainfield Street address, Defendant Johnson was seen at the residence. After leaving the residence in a vehicle with three other individuals, the group was pulled over and Defendant was arrested. It is undisputed that there is a recording studio at 3009 Plainfield Street and that Defendant is a recording artist involved with the recording business located at the address. There is no allegation, however, that Defendant was involved in the earlier controlled substance purchase with co-Defendant Brown.

    Defendant Johnson's first motion is a motion to sever the trials of himself and co-Defendant

Brown pursuant to Federal Rule of Criminal Procedure 14. Defendants Johnson and Brown were named as co-defendants in the same indictment. Federal Rule of Criminal Procedure 8 evinces a strong federal policy favoring joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). Joint trials are favored because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. Despite this strong preference for joint trials, Federal Rule of Criminal Procedure Rule 14 vests the district court with discretion to grant a severance or to "provide whatever other relief justice requires," if a defendant or the government is prejudiced by joinder. Fed. R. Crim. P. 14.

Defendant Johnson argues that severance is required because a joint trial will likely deprive Defendant access to co-Defendant Brown's potentially exculpatory statements. The Government argues persuasively in response that severance of the trial is not warranted because co-Defendant Brown might offer exculpatory testimony. "[I]n order to qualify for severance on this ground, a defendant is required to set forth before the trial judge the substance of the proposed testimony and its exculpatory effect and to demonstrate that the codefendants would in fact testify at a severed trial." *United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996). Defendant has not done so in the current case, and thus, there is no evidence that Defendant is prejudiced by joinder.

Defendant also argues that severance is appropriate because the jury could find him guilty by association with co-Defendant Brown. A defendant is not entitled to severance simply because a separate trial may enhance his chances for acquittal. *Warner*, 971 F.2d at 1196. Moreover, "a defendant is not entitled to severance because the proof is greater against a co-defendant." *Id.*

2

(citations omitted).

Finally, Defendant argues that severance is appropriate because co-Defendant Brown's statements could pose problems under *Bruton* and *Crawford*. *See Bruton v. United States*, 391 U.S. 123 (1968); *Crawford v. United States*, 541 U.S. 36 (2004). In its response, the Government indicates that it is unaware of any statement by co-Defendant Brown implicating Defendant. Without any indication from Defendant as to the nature of possible Confrontation Clauses issues, this Court cannot find that severance of the trial is warranted.

Accordingly, in the present case, the Court finds that Defendant Johnson has failed in his "burden of making a strong showing of factually specific and compelling prejudice resulting from a joint trial." *Warner*, 971 F.2d at 1196. Severance of the trial is not appropriate under the current circumstances.

Defendant Johnson has also filed a motion to compel discovery. Defendant alleges that the Government has not provided certain discovery materials and expert summaries. In its response, the Government indicates, however, that it has provided to Defendant all relevant documents in its possession. The Government also indicates that it has given Defendant one requested summary, dated May 3, 2007, and it plans on turning over another summary to Defendant as soon as it is available. Consequently, granting Defendant's motion to compel for this reason is not necessary.

In his motion, Defendant also suggests that an extension of the motion cut-off date is necessary in the event that the Government provides delayed information. The Court will not grant this relief at the current time. Instead, should Defendant find it necessary to file a motion at a later date, it may petition the Court to do so at that time.

Accordingly, having reviewed the relevant briefs and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant Johnson's motion to sever Defendants [docket entry #22] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Johnson's motion to compel discovery [docket entry #23] is **DENIED**.

**SO ORDERED.**

Dated:  August 22, 2007             s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

---

### Certificate of Service

I hereby certify that on   August 22, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Robert W. Haviland; David J. Nickola  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    .

                                                 s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845